Dear Sheriff Pitre:
Your opinion request directed to this office through Assistant District Attorney Dana Larpenteur has been assigned to me for response.
On November 18, 1997 Kenneth C. DeJean forwarded a copy of your request to R. Gray Sexton, Executive Secretary of the Board of Ethics for Elected Officials, as those issues are within the jurisdiction of that board. See correspondence, attached.
Your question is:
 May a deputy sheriff continue as a commissioned Juvenile Officer for the Sheriff's Office and participate in a joint venture to operate a juvenile facility within the 18th JDC?
We assume this deputy sheriff would in some manner be employed by contract with the Tri-Parish Juvenile Justice District Commission, authorized by LSA-R.S. 15:1096, et seq., to in general do "all things lawfully to provide temporary custodial care, supervision, and education of juveniles." See LSA-R.S.15:1096.4(B)(3).
This office has previously observed that where an individual enters into a professional service contract, such is not considered to be a job compensated on a salary or a per diem basis, and thus there is no violation of the Louisiana Dual Officeholding and Dual Employment Laws, LSA-R.S. 42:61, etseq. See Attorney General Opinion 96-359. However, we call your attention to the Louisiana Public Contract Law, LSA-R.S.14:140, which provides in pertinent part:
A. Public contract fraud is committed:
 (1) When any public officer or public employee shall use his power or position as such officer or employee to secure any expenditure of public funds to himself, or to any partnership of which he is a member, or to any corporation of which is an officer, stockholder, or director, or
. . .
 (3) When any sheriff charged with the duties of enforcing the laws of this state or any political subdivision thereof shall enter into a contract, either written or oral, individually or as a member or stockholder of any partnership, company or corporation with any such person whereby such sheriff or partnership, company or corporation, of which he is a member or stockholder is to perform any services of a law enforcement nature; provided, however, a deputy sheriff may, as an employee only, perform services of a law enforcement nature for any person, partnership, company, or corporation, but only if said deputy sheriff fulfills his employee performance requirements while not on official duty. (Emphasis added).
Act 562 of 1979 amended LSA-R.S. 14:140. The amendment in relevant part allowed for the employment of deputy sheriffs in private law enforcement related positions. Prior to that time deputy sheriffs had been included in the first sentence of A(3) which prohibits any contractual relationship between the sheriff and any entity performing any services of a law enforcement nature.
Our research indicates that Attorney General Opinions 81-612 and 78-620 (copies of which are attached) are pertinent to your inquiry. Both opinions stand for the proposition that a full or part-time deputy sheriff may not own or partly own stock in any business which performs any services of a law enforcement nature. LSA-R.S. 14:140 has not been legislatively changed since the issuance of these opinions, and we continue to adhere to the conclusions stated therein. Thus, the deputy sheriff referenced in your correspondence may not hold an ownership interest in the facility if the venture is structured to perform services of a law enforcement nature.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ___________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
Date Received: Date Released: March 26, 1998
KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
State of Louisiana
DEPARTMENT OF JUSTICE
WILLIAM J. GUSTE, JR. Baton Rouge ATTORNEY GENERAL 70804